IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED Z. KHAN,<br><br>    Petitioner,<br><br>  v.<br><br>M. POLLARD,<br><br>    Respondent.<br>_____/ | No. C 19-8349 WHA (PR)<br><br>**ORDER TO SHOW CAUSE;<br>DENYING LEAVE TO PROCEED IN<br>FORMA PAUPERIS**<br><br>(ECF No. 2) |

## INTRODUCTION

Petitioner, who appears to be on parole or probation, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction. For the reasons discussed below, respondent is ordered to show cause why the petition should not be granted. He has paid the filing fee, which means his application for leave to proceed in forma pauperis is **DENIED**.

## STATEMENT

Petitioner was convicted in Alameda County Superior Court in 2016 of first-degree murder and attempted voluntary manslaughter. He was sentenced to a term of 32 years to life in state prison. On appeal, the California Court of Appeal affirmed the judgment, and the California Supreme Court denied review. Thereafter, petitioner filed the instant federal petition.

## ANALYSIS

**A. STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.   LEGAL CLAIMS**

Petitioner claims that (1) there was insufficient evidence to support his conviction of attempted involuntary manslaughter; (2) there was insufficient evidence to support his conviction of first-degree murder; and (3) the trial court erred by issuing a jury instruction under CALCRIM No. 540. These claims, when liberally construed, and warrant a response.

## CONCLUSION

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty-three (63) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state prison disciplinary proceedings that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **twenty-eight days** of the date the answer is filed.

2

3. Respondent may file, within **sixty-three (63) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

**IT IS SO ORDERED.**

Dated: January 23, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE